UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG L. WILSON,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPT.; ALFRED JOSHUA, CHIEF MEDICAL OFFICER; WILLIAM GORE, SHERIFF; MEDICAL SERVICES DIVISION,<br><br>　　　　　　　　Defendants. | Case No.:  14cv2444-JAH (RBB)<br><br>**ORDER (1) SUSTAINING DEFENDANTS' OBJECTION TO THE MAGISTRATE JUDGE'S REPORT & RECOMMENDATION; (2) ADOPTING ALL PORTIONS OF THE REPORT NOT SPECIFICALLY OBJECTED TO; (3) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IN ITS ENTIRETY; AND (4) DENYING PLAINTIFF'S MOTION TO STRIKE AND/OR DENY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

## **INTRODUCTION**

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Ruben B. Brooks, United States Magistrate Judge, and objection thereto filed by Defendants Sheriff William Gore and Alfred Joshua, M.D. (collectively the "Defendants"). *See* Doc. Nos. 56, 60. After careful consideration of the entire record, and for the reasons set forth below, the Court (1) **SUSTAINS** Defendants' objection to the

1

R&R; (2) **ADOPTS** all portions of the R&R not specifically objected to; (3) **GRANTS** the instant motion for summary judgment, [doc. no. 40], in its entirety; and (4) summarily **DENIES** Plaintiff Craig L. Wilson's ("Plaintiff") motion to strike and/or deny Defendants' motion for summary judgment, [doc. no. 47].

## BACKGROUND

On October 14, 2014, Plaintiff, a former state prisoner proceeding *pro se*, filed a civil rights complaint against Defendants the San Diego County Sheriff's Department, Alfred Joshua, M.D., Sheriff William Gore, and the County's Medical Services Division, alleging that, while incarcerated, Plaintiff's treatment was terminated in violation of 42 U.S.C. § 1983 ("§ 1983"). *See* Doc. No. 1. The constitutional bases pled for Plaintiff's § 1983 claims are the Eighth Amendment, and Due Process under the Fourteenth Amendment. *See id.* at 2-5. Plaintiff did not prepay the filing fee required at the time of filing. Instead, he filed a motion for leave to proceed *in forma pauperis* ("IFP"). *See* Doc. No. 2 (citing 28 U.S.C. § 1915(a)). On October 22, 2014, this Court granted Plaintiff's IFP motion, directed the U.S. Marshal to effect service of the Complaint on Defendants, and summons was returned executed, as to all Defendants, on December 3, 2014. *See* Doc. Nos. 5-9.

On December 2, 2014, Defendants moved to dismiss the entire Complaint for failure to state a claim. *See* Doc. No. 5. On May 26, 2015, pursuant to 28 U.S.C. § 636(b)(1), Judge Brooks recommended that the Complaint be granted in part and denied in part. *See* Doc. No. 15. After receiving no objections to Judge Brooks' recommendation, this Court (1) denied Defendants' motion to dismiss Plaintiff's deliberate indifference to a serious medical need claim; (2) denied Defendants' motion to dismiss Defendants Alfred Joshua, M.D. and William D. Gore, in their official capacities; and (3) granted Defendants' motion to dismiss all claims against Defendants Medical Services Division and San Diego County Sheriff's Department. *See* Doc. No. 18.

On November 28, 2016, the Defendants (specifically, William D. Gore and Alfred Joshua, M.D.) filed a motion for summary judgment, arguing that they are entitled to

2

summary adjudication because Plaintiff cannot establish any viable municipal federal civil rights claims. *See* Doc. No. 40. Pursuant to this Court's scheduling order, issued on November 30, 2016, Plaintiff's response to Defendants' motion for summary judgment was due no later than January 1, 2017, and Defendants' reply no later than January 16, 2017. *See* Doc. No. 41. On January 18, 2017, the Court deemed the matter suitable for resolution on the papers, and took the matter under submission. *See* Doc. No. 44 (citing CivLR 7.1(d)(1)). Twenty-five days after the opposition filing deadline, Plaintiff filed a document captioned "Notice of Motion to Strike and or Deny Defendant's Motion for Summary Judgment for Failure to Provide Actual Facts Pursuant to Local Rule." *See* Doc. No. 47. Based on its contents,[1] the Court summarily **DENIES** this "motion," and, instead, construes it as an untimely opposition to Plaintiff's motion for summary judgment.

On April 20, 2017, pursuant to 28 U.S.C. § 636(b)(1), Judge Brooks filed the instant R&R recommending that this Court (1) deny Plaintiff's motion to strike and or deny Defendants' motion for summary judgment, [doc. no. 47]; (2) grant Defendants' motion for summary judgment, with respect to Plaintiff's deliberate indifference claim; and (3) deny defendant's motion for summary judgment, with respect to Plaintiff's due process

---

[1] Plaintiff files what appears to be a two-page opposition to Defendants' motion for summary judgment. In support, Plaintiff attaches five pages of purported post-incarceration medical records. Defendant argues that the records are unauthenticated, and therefore should not be considered. Here, the Court notes that the Federal Rules and Ninth Circuit precedent make clear that when opposing summary judgment, the opposing party must present admissible evidence to establish the presence of a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion"); *see also Soremekun v. Thrifty Payless, Inc.,* 509 F.3d 978, 983 n.28, 984 (9th Cir. 2007) ("The evidence presented by the parties [on summary judgment] must be admissible" and inadmissible hearsay offered by plaintiff could not be considered.); *Orr v. Bank of America, NY & SA,* 285 F.3d 764, 773 (9th Cir. 2002) ("We have repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment.") Based on the foregoing, and because Plaintiff's opposition was untimely, the Court finds it suitable to disregard the filing in opposition to Defendants' motion for summary judgment.

3

claim because "Defendants' Motion for Summary Judgment does not address Plaintiff's due process claim." *See* Doc. No. 56. On May 15, 2017, the Defendants timely objected to the R&R. *See* Doc. No. 60.

## **DISCUSSION**

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). When a party objects to the magistrate judge's report and recommendation, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3). The party objecting to the magistrate judge's findings and recommendation bears the responsibility of specifically setting forth which of the magistrate's judge's findings the party contests. *See* Fed. R. Civ. P. 72(b). It is well-settled that a district court may adopt those portions of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The Defendants' specific objection is limited to Part IV(C)(3) of the R&R, entitled "Wilson's due process claim against Joshua." *See* Doc. No. 56 at 21-22. Specifically, the Defendants argue that, pursuant to the "more-specific-provision" rule articulated by the Supreme Court in *Co. of Sacramento v. Lewis*, (1) all of Plaintiff's claims, including Plaintiff's due process claim, were properly analyzed under the Eighth Amendment's deliberate indifference standard; and, accordingly, (2), Plaintiff's Fourteenth Amendment due process claim must also fail alongside his Eighth Amendment deliberate indifference claim. *See* Doc. No. 60 at 2-5 (citing 523 U.S. 833, 841 (1998)). After reviewing the issue *de novo*, the Court agrees.

"[S]ection 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quotations and citations omitted). In *Graham*, the Supreme Court set

4

forth what is referred to as the "more-specific-provision rule." *See Co. of Sacramento v. Lewis*, 523 U.S. 833, 844 (1998). Pursuant to the more-specific-provision rule, "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *Id*. at 841. Here, it is undisputed that Plaintiff invokes both the Eighth Amendment and the Due Process clause of the Fourteenth Amendment as the constitutional bases for his inadequate medical care claims. *See* Doc. No. 1. Accordingly, the Court finds that Plaintiff's claims are properly analyzed pursuant to same Eighth Amendment analysis argued in Defendants' motion for summary judgment. *Id*. Defendants' objection to the R&R is **SUSTAINED**.

Moreover, the Court finds no clear error in the remaining portions of the R&R not specifically objected to by Defendants. *See generally* Doc. No. 56. Accordingly, those portions of the R&R—which include Judge Brooks' findings with respect to Plaintiff's deliberate indifference claim under the Eighth Amendment—are hereby **ADOPTED**.[2] *Thomas v. Arn*, 474 U.S. at 149.

## CONCLUSION AND ORDER

For the foregoing reasons **IT IS HEREBY ORDERED** that:

1. Defendant Sheriff William Gore and Alfred Joshua, M.D.'s objection to the R&R, [doc. no. 60], is **SUSTAINED**;

//

---

[2] Particularly, this Court agrees with Judge Brooks that (1) "Defendants have met their burden of showing the absence of a genuine issue of material fact with regard to Plaintiff's claim that they were deliberately indifferent to his serious medical need[;]" and, with respect to the burden shifting to Plaintiff to establish, beyond the pleadings, that there is a genuine issue for trial (2) "[a]lthough the Court must view the evidence in the light most favorable to Wilson, Plaintiff's version of the facts 'is blatantly contradicted by the record,' especially with regard to his purported allergies to three different nonsteroidal anti-inflammatories. His various assertions are insufficient to establish a genuine issue of fact." *See* Doc. No. 56 at 19-20 (citations omitted).

5

2. All portions of the magistrate judge's R&R not specifically objected to by the Defendants are **ADOPTED**;

3. Defendant's Motion for Summary Judgment, [doc. no. 40], is **GRANTED**, in its entirety; and

4. Plaintiff's Motion to Strike and/or Deny Defendant's Motion for Summary Judgment, [doc. no. 47], is summarily **DENIED**.

**IT IS SO ORDERED**.

DATED: September 1, 2017

JOHN A. HOUSTON
United States District Judge

6

14cv2444-JAH (RBB)